Tracy H. Fowler (1106)
Jennifer B. Lustig (15892)
Brandon Fuller (17215)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
Telephone: 801.257.1900
Facsimile: 801.257.1800
Email: tfowler@swlaw.com
       jlustig@swlaw.com
       bfuller@swlaw.com

*Attorneys for Defendant Polaris Experience LLC
d/b/a Polaris Adventures*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VAHE MATEVOSYAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MAD MOOSE RENTALS, LLC, a Domestic Limited Liability Company; POLARIS EXPERIENCE LLC d/b/a POLARIS ADVENTURES, a Foreign Limited Liability Company, DOE I-X, and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | **NOTICE OF REMOVAL** <br><br> Case No. 4:24-cv-00089 <br><br> Judge _____ <br><br> (Removed from the Fifth Judicial District Court in and for Washington County, State of Utah, Case No. 240500908) |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, without submitting to the jurisdiction of this Court and without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, or insufficient service of process, Defendant Polaris Experience LLC

d/b/a Polaris Adventures ("**Polaris Adventures**") hereby gives notice of removal of the above-captioned action, entitled *Matevosyan v. Mad Moose Rentals, LLC,* Civil Case No. 240500908, from the Fifth District Court in and for Washington County, Utah to the United States District Court for the District of Utah. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the underlying Complaint is attached hereto as **Exhibit A**.

In support of removal, pursuant to 28 U.S.C. § 1446(a) Polaris Adventures states the following:

## BACKGROUND

### *State Court Proceedings*

1. On October 18, 2024, Plaintiff Vahe Matevosyan ("**Plaintiff**") filed a complaint styled *Matevosyan v. Mad Moose Rentals, LLC,* Civil Case No. 240500908 ("**Complaint**") in the Fifth District Court, Washington County, State of Utah (the "**State Court Action**").

2. Plaintiffs served the Complaint on Polaris Adventures on October 22, 2024. This Notice of Removal is therefore timely filed. *See* 28 U.S.C. § 1446(b).

3. As of this filing, no further pleadings or confirmations of service for any party have been filed and no proceedings have yet occurred in the Washington County action. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit A, and copies of the state court docket, all process, other pleadings, and orders served upon defendants, including the Complaint are attached hereto collectively as **Exhibit B**.

**GROUNDS FOR REMOVAL**

**I.     POLARIS ADVENTURES HAS SATISIFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4.      <u>Removal is Timely.</u> A notice of removal must be filed within 30 days after receipt by the defendant of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b). The thirty-day period for removal does not begin to run until a party has received a copy of the complaint and has been properly served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Plaintiff served Polaris Adventures with the Summons and Complaint on October 22, 2024. Thus, the deadline to remove is November 21, 2024, and this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1).

5.      <u>Venue is Proper.</u> Removal to this District is proper because the State Court Action is pending in the Fifth Judicial District Court in and for Washington County, Utah, which is within the division of the United States District Court for the District of Utah, *see* 28 U.S.C. §§ 1441(a), 1446(a), and the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. . .

6.      <u>All Properly Joined Parties Consent to Removal.</u> All properly joined and served Defendants consent to the removal of the action. See 28 U.S.C. § 1446(b).

7.      No properly joined and served Defendant is a citizen of the state in which this action was brought, Utah. *See* 28 U.S.C. § 1446(b).

8.      No previous request has been made for the relief requested herein.

9.      Pursuant to 28 U.S.C. § 1446(d), Polaris Adventures shall give plaintiff written notice of the filing of this notice for removal.

10. Pursuant to 28 U.S.C. § 1446(d), Polaris Adventures will promptly give Plaintiff written notice of the filing of this Notice of Removal and will file the same with the Fifth Judicial District Court, attaching as Exhibit 1 thereto a copy of this Notice of Removal without exhibits.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441.**

11. <u>The Parties are Diverse.</u> Polaris Adventures bases its removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.

12. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13. This action is removable under 28 U.S.C. §1441(a) because the district court has original jurisdiction under 28 U.S.C. § 1332, which consists of a civil action between citizens of different states and in which the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

14. Plaintiff alleges his citizenship in the Complaint as an individual and resident of Los Angeles County, California. Based on the allegations in the Complaint, Plaintiff is domiciled in, and a citizen of, California. *See* Ex. A, Compl. ¶ 1.

15. Plaintiff alleges that Mad Moose Rentals is a domestic limited liability company, licensed to do business in the County of Washington, Utah. *See* Ex. A, Compl. ¶ 2.

16. Based on the docket in the State Court Action, Plaintiff has not yet served Mad Moose Rentals. *See* Ex. A. Counsel for Polaris Adventures conferred with a principal at Mad Moose Rentals on or around October 24, 2022 and confirmed that Mad Moose Rentals had not yet

been served. As Mad Moose Rentals has yet to be properly joined and served as a defendant, Mad Moose Rentals citizenship, the forum defendant rule does not apply. 28 U.S.C. § 1441(b)(2) (conditioning removal on whether "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485–87 (5th Cir. 2020); *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151–54 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).

17.     Plaintiff alleges that Polaris Adventures is a foreign limited liability company licensed to do business in the County of Washington, Utah. (Compl. ¶ 3.) Specifically, Polaris Adventures is a Minnesota LLC. Its sole member is Polaris Sales Inc., which is a corporation domiciled in Minnesota. Accordingly, this action involves only properly joined and served "citizens of different States," 28 U.S.C. § 1332(a)(1)–(2), and removal of this action is proper under 28 U.S.C. § 1441(b).

18.     <u>The Amount in Controversy Requirement is Satisfied.</u> This case is removable because Plaintiff is diverse from Defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C §§ 1332, 1441, 1446.

19.     In the Complaint, Plaintiff affirmatively states that he "has been damaged in an amount of more than $300,000.00." (*See* **Ex. A**, ¶ 48.) The amount in controversy therefore exceeds $75,000.

## **CONCLUSION**

20.     Because Polaris Adventures has timely filed its Notice of Removal of the State Court Action, for which this Court has original jurisdiction based on diversity of citizenship, and because all other requirements for removal have been met, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a). Accordingly, Polaris Adventures respectfully requests this Court assume full jurisdiction over the Action and that the Action be removed to the United States District Court for the District of Utah.

21.     In the event Plaintiff seeks to remand this case, Polaris Adventures respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

DATED this 25th day of October 2024.

SNELL & WILMER L.L.P.

*/s/ Tracy H. Fowler*
Tracy H. Fowler (1106)
Jennifer B. Lustig (15892)
Brandon Fuller (17215)

*Attorneys for Defendant Polaris Experience, LLC d/b/a Polaris Adventures*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court for the U.S. District Court, District of Utah by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that I mailed the foregoing document by First-Class Mail, postage fully prepaid, to the following:

> Timothy A. Mott
> Peter Petersen
> Nathan Quist
> VALIENTE MOTT, LTD.
> 2975 W. Executive Parkway
> Lehi, UT 84043
>
> Mad Moose Rentals
> Old Rd.
> Hurricane, UT 84737

> /s/ Mary Batchelor
> Legal Administrative Assistant
> Snell & Wilmer L.L.P.

4864-3040-7410